UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                     :
MICHAEL TAYLOR, as Next Friend       :
    of JAMES SMITH,                  :
                                     :
         Petitioner,                 :    Civ. No. 13-6688 (NLH)
                                     :
    v.                               :    OPINION
                                     :
KENNETH NELSON,                      :
                                     :
         Respondent.                 :
_____:

APPEARANCES:

Michael Taylor, #611670
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302
    As Next Friend of James Smith, Petitioner, pro se.

HILLMAN, District Judge

    Michael Taylor filed a Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 on behalf of Petitioner James

Smith, an inmate allegedly confined at South Woods State Prison

in Bridgeton, New Jersey.  The filing fee has been paid.  For

the reasons set forth below, the Court dismisses the Petition

for lack of jurisdiction.

I.    BACKGROUND

    Michael Taylor, who is an inmate at South Woods State

Prison, filed a Petition under 28 U.S.C. § 2254 on behalf of

another inmate, James Smith.  The Petition names Kenneth Nelsen

as Respondent, whom Mr. Taylor asserts is the Administrator of
the South Woods State Prison where Petitioner is confined.  Mr.
Taylor raises a claim for ineffective assistance of counsel and
he asks that Petitioner be released from custody.

## II.  DISCUSSION

"Habeas corpus petitions must meet heightened pleading
requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A
petition is required to specify all the grounds for relief
available to the petitioner, state the facts supporting each
ground, state the relief requested, and be signed under penalty
of perjury. See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1,
2004), applicable through Rule 1(b).

"Federal courts are authorized to dismiss summarily any
habeas petition that appears legally insufficient on its face."
McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d
Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  Habeas Rule 4
requires the Court to examine a petition prior to ordering an
answer and, if it appears "that the petitioner is not entitled
to relief in the district court, the judge must dismiss the
petition and direct the clerk to notify the petitioner." 28
U.S.C. § 2254 Rule 4.

"It is well established, however, that before a federal
court can consider the merits of a legal claim, the person
seeking to invoke the jurisdiction of the court must establish

the requisite standing to sue." <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 154 (1990).  "Where standing is lacking, the federal courts lack the power to grant habeas relief." <u>Zettlemoyer v. Horn</u>, 53 F.3d 24, 26 (3d Cir.1995).  This is because Article III of the United States Constitution limits the jurisdiction of federal courts to "cases and controversies." U.S. Const. art. III, § 2.

A litigant must set forth facts in the complaint or petition which demonstrate standing under Art. III. <u>Whitmore</u>, 495 U.S. at 155.  To establish standing under Art. III, a person must allege facts showing that he or she has suffered an "injury in fact," which is concrete as opposed to abstract, and actual or imminent as opposed to conjectural or hypothetical. <u>Id.</u> "Further, the litigant must satisfy the causation and redressability prongs of the Art. III minima by showing that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." <u>Id.</u> (citations and internal quotation marks omitted).  As the Court emphasized in <u>Singleton v. Wulff</u>, 428 U.S. 106, 113-14 (1976),

> Federal courts must hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation. The reasons are two. First, the courts should not adjudicate such rights unnecessarily, and it may be that in fact the holders of those rights either do not wish to assert them, or will be able to enjoy them regardless of whether the in-court litigant is successful or not. <u>See</u> <u>Ashwander v. TVA</u>, 297 U.S. 288, 345-348, 56 S.Ct. 466, 482-83, 80 L.Ed. 688 (1936) (Brandeis, J.,

concurring) (offering the standing requirement as one means by which courts avoid unnecessary constitutional adjudications). Second, third parties themselves usually will be the best proponents of their own rights.

Michael Taylor filed this action on behalf of James Smith. However, Mr. Taylor does provide any facts in his submission which suggests that he has standing in his own right to file a petition on behalf of another inmate. Moreover, "an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." Id. at 160 (quoting Allen v. Wright, 468 U.S. 737, 754 (1984)).

However, in 1948, Congress amended the habeas corpus statutes to allow a "next friend" or person "acting in behalf" of a prisoner to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See 28 U.S.C. § 2242; 1 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 8.3 (4th ed. 2001). Section 2242 provides in relevant part:

Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.

28 U.S.C. § 2242.

"A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains

4

the real party in interest." Whitmore, 495 U.S. at 163.
However, "'next friend' standing is by no means granted
automatically to whomever seeks to pursue an action on behalf of
another." Id. at 163.  "[O]ne necessary condition for 'next
friend' standing in federal court is a showing by the proposed
'next friend' that the real party in interest is unable to
litigate his own cause due to mental incapacity, lack of access
to court, or other similar disability." Whitmore, 495 U.S. at
165.[1]

The burden is on the "next friend" to "establish the
propriety of his status and thereby justify the jurisdiction of
the court." Id. at 164.  The litigant must clearly and
specifically set forth facts sufficient to satisfy the Art. III
standing requirements because "[a] federal court is powerless to
create its own jurisdiction by embellishing otherwise deficient
allegations of standing." Id. at 155-156.  Most significantly,
"when the application for habeas corpus filed by a would be
'next friend' does not set forth an adequate reason or
explanation of the necessity for resort to the 'next friend'
device, the court is without jurisdiction to consider the

---

[1] It has also been suggested that the "next friend" must be
"truly dedicated to the best interests of the person on whose
behalf [s]he seeks to litigate" and that she "must have some
significant relationship with the real party in interest."
Whitmore, 495 U.S. at 163-164.

petition." Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978) (cited with approval in Whitmore, 495 U.S. at 163).

Here, the one page Petition filed by Michael Taylor does not show that he has standing to proceed as next friend of James Smith.  Mr. Taylor does not clearly and specifically set forth facts sufficient to satisfy the Article III standing requirements, see Whitmore, 495 U.S. at 155; nor does he establish that James Smith "is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." Id. at 165.

Accordingly, the Court lacks jurisdiction to entertain the application of Michael Taylor as next friend of James Smith and will dismiss the Petition without prejudice for lack of jurisdiction. See e.g., DiPietro v. Senula, No. 12-0189, 2012 WL 136812, at *2 (D.N.J. Jan. 18, 2012) (dismissing petition filed by third party for failure to show standing to proceed as next friend); Barlow v. Farber, No. 06-0822, 2006 WL 842422, at *3 (D.N.J. Mar. 29, 2006) (same).

James Smith is free to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 himself; or Michael Taylor may file another petition on his behalf which establishes, among other things, that James Smith is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability.

III. <u>CONCLUSION</u>

For the reasons set forth above, the Petition is dismissed for lack of jurisdiction.

An appropriate Order follows.


___s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge


Dated: June 12, 2015

At Camden, New Jersey